of the prison in the night aforesaid; brought this action for the escape, and on the plea of not guilty, issue to the court; the court found that the defendant was not guilty; upon the principle, that Huntington's going out of the limits of the yard aforesaid, was a negligent escape, and that upon his return to prison, it was lawful for the sheriff to retake and hold him, and which had in fact been done, and the plaintiff had suffered nothing thereby.

### HOWARD v. LYON.

A prisoner upon an execution who escapes, may be retaken at any place.

ACTION of false imprisonment. Issue to the jury.

The case was — The defendant was a constable of the town of Woodstock, and had an execution against said Howard, and took him by it; Howard escaped from him, and went to Providence, in the state of Rhode Island; Lyon applied to a justice of the peace, and got an escape warrant, to retake him; Lyon pursued Howard, and got his warrant renewed in Rhode Island, retook him, and committed him to the keeper of the gaol in Windham; and for that this action is brought.

Verdict and judgment that the defendant is not guilty — For an officer has right to pursue and retake his prisoner, wherever he can find him.

---

### HARTFORD COUNTY, MARCH TERM, A. D. 1788.

### HITCHCOCK v. GRANT.

It is requisite, in order to recover maintenance for a bastard child, upon the statute, that the mother charge the man in the time of her travail.

WRIT OF ERROR, to reverse a judgment of the County Court, in a prosecution for maintenance of a bastard child, brought by said Hitchcock v. Grant upon the statute. The defendant plead in bar, that the complainant had not been constant in her accusation of said Grant, and that she did not accuse him of being the father of said child in the time of her travail.

The plaintiff admitted in her reply, that she did not, and assigned some reasons why she did not. To which a demurrer was given; and the County Court judged the reply to be insufficient.

Error assigned — That said County Court ought to have judged said reply sufficient.

And the judgment of the County Court was affirmed by the Superior Court; upon the ground that the statute makes her charging the man, in the time of her travail an essential requisite, in order to the plaintiff's having or maintaining her suit upon the statute for the maintenance of a bastard child.

---

### HARTFORD COUNTY, SEPTEMBER TERM, A. D. 1788.

### TUTTLE v. BIGELOW.

Forbearance a good consideration of a promise to bind the promisor in a note to pay the money to the assignee, notwithstanding a discharge from the promisee who is bankrupt.

. WRIT OF ERROR, to reverse a judgment of the County Court, in an action of assumpsit, declaring, that for a valuable consideration, one S. Crow assigned to him a note against said Bigelow for a quantity of rum, to be delivered at New Haven some time in February; that when said note became due he applied to the defendant for the pay, and informed him of said assignment; and the defendant, not then having the rum, requested the plaintiff to wait on him until June then next, to receive the rum at Hartford, to which proposal and request of the defendant the plaintiff consented and agreed; and the defendant then and there in consideration thereof assumed and promised to pay and deliver said rum, due on said note to the plaintiff, at Hartford aforesaid, on the     day of June aforesaid; which promise the defendant hath never performed, but to defraud the plaintiff hath since his said promise, obtained from said Crow a discharge of said note, who then was and now is a bankrupt and well known to be such by the defendant — damage, etc.

Plea, nonassumpsit; and verdict for the plaintiff.     And the defendant moved in arrest; the insufficiency of the